Kevin Michael **KINNARD**, Appellant,

v.

Brooke **CARNAHAN**, et al., **Appellees.**

No. 04–99–00886–CV.

Court of Appeals of Texas, San Antonio.

June 7, 2000.

Kevin Michael Kinnard, Kenedy, pro se.

Gerard R. Rawls, Asst. Atty. Gen., Law Enforcement Division, Austin, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

The opinions and judgment of March 29, 2000 are withdrawn and the following opinions and judgment are substituted therefor. The appellant's motion for rehearing is denied.

We must decide whether a *pro se* prisoner-appellant's notice of appeal may be deemed timely filed if it was timely deposited in a prison mail receptacle. We conclude that depositing a notice of appeal in a prison mail receptacle does not constitute delivery to the proper clerk, nor is it sufficient under the "mailbox rule." We therefore dismiss this appeal for lack of jurisdiction.

### Procedural Background

On October 13, 1999, the trial court signed an order granting summary judgment against Kevin Michael Kinnard, who is incarcerated by the Texas Department of Criminal Justice. The order contains a "Mother Hubbard" clause, denying all relief not expressly granted. Thus, the order is a final judgment. *See Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993). On October 27, 1999, Kinnard filed a request for findings of fact and conclusions of law. On December 6, 1999, a copy of Kinnard's notice of appeal was filed in this court.

The notice arrived in an envelope that was postmarked on December 3, 1999. We sent a copy of the notice to the trial court clerk, who filed it on December 17, 1999.

### RELEVANT RULES

Notices of appeal should be filed with the trial court clerk. *See* TEX.R.APP. P. 25.1(a). But if a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice. *See id.*

A notice of appeal is generally due within thirty days after a final judgment is signed. *See* TEX.R.APP. P. 26.1. A notice of appeal is generally due within ninety days after a final judgment is signed if certain post-judgment motions, such as a request for findings of fact and conclusions of law, have been filed. *See* TEX.R.APP. P. 26.1(a). But a request for findings of fact and conclusions of law does not extend the time for filing a notice of appeal from an order granting summary judgment. *See IKB Indus. v. Pro–Line Corp.*, 938 S.W.2d 440, 443 (Tex.1997).

If a notice of appeal is not received within the time provided in Rule 26.1, it may still be deemed timely pursuant to the "mailbox rule." Under this rule, a notice of appeal is considered timely if it was sent by United States mail, was deposited in the mail on or before the filing deadline, and was received within ten days after the filing deadline. *See* TEX.R.APP. P. 9.2(b)(1); TEX.R. CIV. P. 5. A legible postmark affixed by the United States Postal Service is "conclusive proof" of the date of mailing. TEX.R.APP. P. 9.2(b)(2)(A). *But see* TEX.R. CIV. P. 5 (providing that a postmark is "prima facie" evidence of the date of mailing).

Additionally, an appellant may obtain an extension of time to file the notice of appeal if the notice is filed within fifteen days after the deadline for filing. *See* TEX.R.APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

### DISCUSSION

Applying these rules here, Kinnard's notice of appeal was due within thirty days after the order granting summary judgment was signed, *i.e.*, November 12, 1999. We deem Kinnard's notice of appeal as having been filed on December 6, 1999—the date it was received by this court. Kinnard cannot benefit from Rule 26.3 because his notice was filed more than fifteen days after the deadline, and he cannot benefit from the mailbox rule because the notice was postmarked on December 3, 1999. We therefore ordered Kinnard to show cause why this appeal should not be dismissed for lack of jurisdiction.

In his response, Kinnard points out the difficulties and uncertainties faced by prisoners in ensuring that their legal mail is timely deposited in the mail. As a prisoner, he is dependent on the prison authorities to get his mail into the hands of the Postal Service. Kinnard claims that the notice of appeal we received on December 6 was actually the second notice of appeal that he attempted to file. He states that he placed his first notice of appeal in the prison mail receptacle on November 2, 1999, but he does not know what became of it.[1] When he received no indication that this court had received the notice of appeal, he became concerned and filed the second notice.

1. As used in this opinion, a "prison mail receptacle" is not synonymous with a United States Postal Service mail receptacle. Rather, it is a container where prisoners place their mail for screening and further action by the prison authorities. In his unsworn response, Kinnard details the various procedures and personnel that a piece of prison mail must journey through before ultimately reaching the United States Postal Service.

■ The federal courts have recognized and attempted to remedy the difficulties faced by *pro se* prisoner-appellants. The Supreme Court has stated:

> Unskilled in law, unaided by counsel, and unable to leave the prison, [a *pro se* prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

*Houston v. Lack,* 487 U.S. 266, 271–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Accordingly, in federal courts, a *pro se* prisoner's notice of appeal is deemed filed on the date it is delivered to the prison authorities for forwarding to the trial court clerk. *See id.* at 270, 108 S.Ct. 2379; FED. R.APP. P. 4(c)(1), 25(a)(2)(C). Kinnard requests us to apply the federal rule in this case. We believe, however, that we are not at liberty to do so.

The Texas Supreme Court instructs us that rules should be construed "reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993). But we are forbidden "to alter the time for perfecting an appeal in a civil case." TEX. R.APP. P. 2.

As noted above, an appeal is perfected when a written notice of appeal is "filed" with the trial court clerk or the appellate court clerk. *See* TEX.R.APP. P. 25.1(a). A document is "filed" by "delivering" it to the clerk of the court or a judge of the court. *See* TEX.R.APP. P. 9.2(a). The Texas Supreme Court has consistently held that a document is "filed" when it is "tendered to the clerk, or otherwise put under the custody or control of the clerk." *Jamar,* 868 S.W.2d at 319. It would be inconsistent with the literal words of Rule 9.2(a), as well as with *Jamar,* to hold that

a document is filed with the trial or appellate clerk when it is delivered to the prison authorities.

■ Similarly, the language of Rule 9.2(b) makes clear that a prison mail receptacle is not a "mailbox" for purposes of the mailbox rule. The Rule expressly applies only if the document was sent by the United States Postal Service and "deposited in the mail on or before the last day for filing." TEX.R.APP. P. 9.2(b)(1). A United States Postal Service postmark, receipt, or certificate of mailing constitutes conclusive proof of the "date of mailing." TEX.R.APP. P. 9.2(b)(2).

■ Because we cannot alter the time for perfecting an appeal in a civil case, *see* TEX.R.APP. P. 2, we are unable to apply the federal approach to notices of appeal by *pro se* prisoners. *But see Verburgt,* 959 S.W.2d at 617 (wherein the Texas Supreme Court "implied" a motion for extension of time to file a notice of appeal, even though no such motion was in fact filed). Although the Texas Supreme Court has recognized the dilemma faced by *pro se* prisoner-appellants, the court has not adopted a procedure to resolve the dilemma. *See Gomez v. Texas Dep't of Criminal Justice,* 896 S.W.2d 176, 176 n. 1 (Tex.1995). We urge the court to do so.

This appeal is dismissed for lack of jurisdiction.

Concurring Opinion by: ALMA L. LÓPEZ, Justice.

ALMA L. LÓPEZ, Justice, concurring.

Although the majority opinion is correct under the law, I concur in the judgment only, for the following reasons.

The constitutions of this state and the United States guarantee *all* citizens certain rights. Those rights are guaranteed to *all* citizens, not just citizens who society deems should have those rights. If all citizens are to receive their respective rights, we must implement methods which will assure those incarcerated of at least

the same safeguards of constitutional rights as the general public. For those who are incarcerated, but still have a right to avail themselves of the judicial system, we should provide a United States mail receptacle at the site of incarceration. How difficult would it be, in this era of advanced technology, to develop a method to time and date stamp correspondence when it is deposited into a prison mail receptacle, and then forward the mail to the United States mail receptacle, thereby providing proof that a litigant complied with the necessary time lines? Perhaps such a system would require the depositor to time-date stamp his own correspondence prior to depositing it into the mail receptacle. Such a simple approach could have permitted this appeal to proceed on its merits, enabling the appellant to assert his right of appeal.