COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
  
  
 IN
 THE INTEREST OF K.A.C., JR., 
 A
 minor child.
  
  
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00232-CV
  
 Appeal from the
  
 318th District Court
  
 of Midland County, Texas
  
 (TC# FM-37086)
 
 




 

O P I N I O N

 

Appellant Kenneth A. Cross, Sr.
appeals from an order terminating his right to oral or written communications
with his child, K.A.C., Jr.  We dismiss
the appeal for lack of jurisdiction and deny appellant=s motion for extension of time to
file notice of appeal.

Summary
of the evidence

At all times pertinent to this
appeal, Cross was incarcerated.  On March
4, 2002, a hearing was held to review K.A.C.=s placement in foster care.  On March 19, 2002, the trial court ordered
the continuation of that placement and further ordered that Cross not be
permitted to communicate orally or in written form with K.A.C. (Athe Order@).








Pursuant to Tex. R. App. P. 26.1, Cross=s appeal of the Order had to be filed
no later than April 18, 2002.  Cross
alleges that he did not receive a copy of the Order until May 20, 2002.  His notice of appeal was filed on May 24,
2002.

Discussion

Pursuant to Tex. R. App. P. 26.3, this Court may extend the time to file
a notice of appeal if, within 15 days after the deadline for filing the notice,
the appealing party files a late notice of appeal with the trial court and a
Rule 10.5(b) motion with this Court.  Tex. R. App. P. 26.3.  However, if the late notice of appeal
and the Rule 10.5(b) motion are not filed within that 15-day period, this Court
loses jurisdiction to imply or otherwise grant an extension of time to file a
notice of appeal.  See Tex. R. App. P. 2 (court has no
authority to suspend operation of the rules governing the time for perfecting
an appeal in a civil case).

In this case, Cross=s notice of appeal was filed outside
the 15-day period that empowers this Court to grant an extension of time for
filing the notice.  Thus, even if we take
as true his allegation that the prison mail system prevented him from receiving
the Order in a timely fashion, we are unable to entertain his appeal.  See Kinnard v. Carnahan, 25 S.W.3d
266, 268-69 (Tex. App.--San Antonio 2000, no pet.) (Rule 2 prevents application
of mailbox rule to notice of appeal Aposted@ in prison mailbox).








As a matter of law, therefore, we
lack jurisdiction to entertain this appeal. 
It is therefore dismissed for lack of subject matter jurisdiction.

 

                                                                        


SUSAN
LARSEN, Justice

July 11, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)