NUMBER 13-02-425-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



RONALD LEE LEWIS,                                                            Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                         On appeal from the 92nd District Court

                                  of Hidalgo County, Texas.

 

 



                                   O P I N I O N

 

                     Before Justices Dorsey,
Rodriguez, & Castillo

                                       Opinion Per Curiam

 








Appellee, the Texas Department of Protective and Regulatory Services
has filed a motion to dismiss this appeal for want of jurisdiction, contending
that appellant Ronald Lee Lewis=s notice of appeal was
not timely filed.  We agree and dismiss
the appeal for want of jurisdiction.

The judgment terminating appellant=s parental rights was signed on December 7,
1998.  Appellant=s notice of appeal was
not filed until July 17, 2002, more than three years following the entry of
judgment.  The notice of appeal was not timely
filed under either Texas Rule of Appellate Procedure 26.1 concerning the time
to perfect appeal in civil cases, or rule 26.3, governing extensions of time to
file notices of appeal.  See Tex. R. App. P. 26.1; Tex. R. App. P.
26.3.  Because appellant=s perfecting
instrument was neither filed within the deadline for filing the notice, nor
filed during the period within which an extension to file the notice could have
been granted, we have no jurisdiction over the appeal.  See Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997); Kinnard v. Carnahan, 25 S.W.3d 266, 268 (Tex. App.BSan Antonio 2000, no
pet.).  The appellate court may not alter
the time for perfecting an appeal in a civil case.  See Tex.
R. App. P. 2.  Accordingly, we
dismiss the appeal for want of jurisdiction. 









Appeals in termination cases have been classified as accelerated
appeals since September 1, 2001.  See
Tex. Fam. Code Ann. ' 109.002(a) (Vernon
Supp. 2002); However, this section of the family code only applies to appeals
in suits pending on or filed on or after September 1, 2001.  See id. historical
note.  Thus, we do not apply the rules
for accelerated appeals to the instant case. 
Even if we were to do so, the notice of appeal would still be untimely,
and we would continue to lack jurisdiction over the appeal.  See Tex.
R. App. P. 26.1(b); Tex.
R. App. P. 26.3. 

Consequently, this appeal is dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  

Per
Curiam

 

Do
not publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 12th day of
September, 2002.