NO. 07-02-0339-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 7, 2002



______________________________




IN THE INTEREST OF REBECCA LYNN CRAWFORD, A CHILD




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A30,988-0007; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, SJ. (1)

PRELIMINARY ORDER


 In this case, we must decide if a pro se prisoner-appellant's notice of appeal is to
be deemed timely filed if it was timely deposited in a prison mail receptacle, but was not
actually received by the clerk by the filing deadline. If we answer that question in the
negative, we must then decide whether the appellate court may consider the appeal to be
perfected if the notice of appeal is filed in good faith, and is received by the clerk within
15 days from the filing deadline. For reasons we later express, we hold that the timely
deposit of a notice of appeal in a prison mail receptacle does not constitute delivery to the
proper clerk for filing, nor does such a deposit entitle appellant to the benefit of the
"mailbox rule." However, we also hold that if the notice of appeal is filed in good faith and
received within 15 days from the filing deadline, a motion for extension of time is implied
and appeal deemed timely perfected.

Procedural Background

 On June 24, 2002, the trial court entered a judgment modifying the parent-child
relationship in a case styled In the Interest of Rebecca Lynn Crawford, a child, Cause No.
A30,988-0007 in the 64th District Court of Hale County. The parents of the child are
appellee Patsy Crawford (Patsy) and appellant Ricky Allen Crawford (Ricky). The deadline
for filing a notice of appeal from the judgment was July 24, 2002. Ricky avers that he
timely deposited a notice of appeal on July 21, 2002, in a prison mail receptacle; however,
it arrived at the district clerk's office in an envelope postmarked July 25, 2002, and was
filed on July 31, 2002.

Relevant Rules

 Notices of appeal should generally be filed with the trial court clerk within 30 days
after a final judgment is signed. See Tex. R. App. P. 26.1. If a notice of appeal is not
received within the time provided in Rule 26.1, it may still be deemed timely filed pursuant
to the "mailbox rule." Under this rule, a notice of appeal is considered timely if it was sent
by United States mail, was deposited in the mail on or before the filing deadline, and was
received within ten days after the filing deadline. See Tex. R. App. P. 9.2(b)(1); Tex. R.
Civ. P. 5. A legible postmark affixed by the United States Postal Service is "conclusive
proof" of the date of mailing. Tex. R. App. P. 9.2(b)(2)(A). But see Tex. R. Civ. P. 5
(providing that a postmark is "prima facie" evidence of the date of mailing). However, an
appellant may obtain an extension of time to file the notice of appeal if the notice is filed
within 15 days after the deadline filing date. See Tex. R. App. P. 26.3.

Discussion

 In urging that this court has no jurisdiction to consider this appeal, appellee
Rebecca Lynn Crawford cites and relies upon the court's decision in Kinnard v. Carnahan,
25 S.W.3d 266 (Tex.App.--San Antonio 2000, no pet.). In that case, and in a well-reasoned opinion, the court held that a timely deposit of a notice of appeal in a prison
receptacle, which contained a postmark showing its deposit in the United States mail after
the filing deadline, was not sufficient to entitle the appellant to the benefit of the "mailbox
rule." Id. In arriving at that conclusion, the court reasoned that the deposit of a notice of
appeal with prison authorities was not the same as depositing it in the United States mail
or as filing it with the appropriate clerk. Id. The court noted there was a 15-day period
after the deadline date within which an extension of filing time might be sought, but
commented that the notice of appeal in that case was not filed within the 15-day period. 
Id.

 In Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997), the court held that when a cost
bond (2) was filed in good faith within 15 days beyond the filing deadline, "a motion for
extension of time is necessarily implied." Id. at 617. En route to its decision, the court
commented, ". . . [W]e have instructed the courts of appeal to construe the Rules of
Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by
imposing requirements not absolutely necessary to effect the purpose of a rule." Id.

 We think the Verburgt rationale and instruction is applicable here and, even though
the "mailbox rule" is not applicable, because the notice of appeal was received by the
district clerk and filed 15 days from the filing deadline, a motion for extension of time is
necessarily implied, should be considered as granted, and the notice considered as timely
filed.

 Accordingly, we do have jurisdiction to consider the appeal and will do so. Ricky
is given a period of 30 days from the date of this opinion within which to file an appellate
brief. Patsy is given a period of 30 days from the date Ricky's brief is filed within which to
file a reply brief. 

Do not publish. Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 
2. Texas Rule of Appellate Procedure 41(a)(1), as it read at that time, required the
timely filing of a cost bond or affidavit in lieu thereof to perfect an appeal in a civil case.
Rule 41(a)(2) provided that an extension of time might be granted by the appellate court
if a motion reasonably explaining the need for an extension and the items required under
Rule 41(a)(1) were filed with the motion. Those rules were the progenitors of our present
Rules 26.1, which merely requires the timely filing of a notice of appeal, and 26.3 which,
as we noted above, authorizes the appellate court to grant an extension of time if a motion
meeting the requirements of the Rule is filed within 15 days after the deadline for filing a
notice of appeal. 



 );
 document.write( '
Close' );
 document.write( '' );
 }

 The documents provided by relator do not provide a
basis on which to evaluate this contention. Further, a reading of relator’s petition leads to
the conclusion his real quarrel is with the trial court’s assessment of costs against him. 
The record relator has provided us contains no information concerning the amount, if any,
of the costs actually assessed. A document filed with relator’s petition makes reference
to his indigency. On this record, we would not, therefore, be able to evaluate relator’s
entitlement to mandamus relief with respect to an assessment of costs.
           For the reason that relator has not provided us with a record demonstrating he is
entitled to the requested relief, and without expressing any opinion whether mandamus
relief would be available even on a more complete record, we must, and do, deny relator’s
petition. 
          It is so ordered.
James T. Campbell

Justice