In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-424 CV


____________________



ARNOLD RAY LAMOTTE, JR., Appellant



V.



MARK STONEBERGER AND JAMES COMMINS, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV 21,547






MEMORANDUM OPINION (1)


 Arnold Ray Lamotte, Jr., appealed a judgment signed on July 28, 2004. As the
notice of appeal was filed on September 24, 2004, fifty-eight days after the judgment date,
we questioned our jurisdiction over the appeal. In response to our inquiry, Lamotte
contends he mailed the notice of appeal on August 25, 2004, and asserts that the notice of
appeal was, therefore, timely filed under Rule 9.2(b). See Tex. R. App. P. 9.2(b). To be
considered timely filed, a mailed document must be received within ten days after the filing
deadline. Id. In this case, the notice of appeal was received twenty-eight days after the
filing deadline. Therefore, the document was not timely filed under Rule 9.2(b). 

 Lamotte complains that he has no control over the prison mail facility, and contends
that a document attached to his response demonstrates that he submitted the document to
the Indigent Mail Department on August 26, 2004, and claims that a copy of the logbook
verifies his claim. The "copy" is not a photocopy, but is handwritten. (2) The exhibit to
which he refers states: "The document you refer to was verified by mailroom supervisor;
who stated a legal document of CIV21,495 case number, was log outgoing in mailroom
logbook, on October 27, 2004 from Indigent Mail send out, the contents in it is unknown." 
Assuming the document is an accurate depiction of what the appellant claims it to be,
supporting documentation for having submitted mail on October 27 provides no evidentiary
support for meeting an August 25 deadline. 

 There is precedent in federal jurisprudence for allowing a notice of appeal to be
deemed filed on the date it is delivered to prison authorities. Houston v. Lack, 487 U.S.
266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The Texas courts directly
addressing the issue have rejected that approach. See Wright v. Texas Dept. of Criminal
Justice-Institutional Div., 137 S.W.3d 693, 696 (Tex. App.--Houston [1st Dist.] 2004, pet.
denied); Kinnard v. Carnahan, 25 S.W.3d 266, 268-69 (Tex. App.--San Antonio 2000,
no pet.). In this case, we need not decide whether to apply the rule in Houston v. Lack or
to follow Wright and Kinnard, because the appellant failed to establish that he delivered
the notice of appeal to the prison mail system on or before the deadline for filing notice
of appeal.

 The appellant failed to establish that he filed notice of appeal within the time
permitted for perfecting appeal. See Tex. R. App. P. 26.1. The appellant failed to file
notice of appeal within the time for which we may grant an extension of time to file notice
of appeal. See Tex. R. App. P. 26.3. The Court finds it lacks jurisdiction over this
appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

 APPEAL DISMISSED.


 PER CURIAM


Opinion Delivered March 3, 2005 

Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Tex. R. App. P. 47.4.
2. The appellant suggests the mailroom employees may have intentionally held his
mail, but he does not explain why he did not provide official documentation of his
outgoing mail.