**Dismissed and Memorandum Opinion filed March 29, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-11-01036-CV
_____

**SHELTON R. MODELIST, Appellant**

**V.**

**JOSEPH R. DIXON and WANDA DIXON, d/b/a
DIXON CONCRETE CONTRACTORS, Appellees**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 984759**

---

## M E M O R A N D U M   O P I N I O N

On November 28, 2011, appellant filed a notice of appeal from a summary judgment signed August 30, 2011. The record filed with this court contains appellant's request for findings of fact and conclusions of law.

Findings of fact and conclusions of law are not proper after a summary judgment and do not extend the time in which to file a notice of appeal from thirty days to ninety days. *See Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994); *see also IKB*

*Industries Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). Therefore, appellant's notice of appeal was due within thirty days after August 30, 2011, or by September 29, 2011, but it was not filed until November 28, 2011. An appellant may obtain an extension of time to file the notice of appeal if the notice is filed within fifteen days after the deadline for filing. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). Once the period for granting a motion for extension of time under Texas Rule of Appellate Procedure 26.3 has passed, however, a party can no longer invoke the appellate court's jurisdiction. *Id.* Appellant's notice of appeal was filed more than fifteen days after its due date.

A timely-filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal. *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.). On February 22, 2012, the court notified the parties that the appeal would be dismissed for want of jurisdiction unless any party filed a response within fifteen days demonstrating that this court has jurisdiction over the appeal. No response was filed.

Accordingly, we dismiss this appeal for want of jurisdiction. *See Kinnard v. Carnahan,* 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.) (holding that request for findings of fact and conclusions of law did not extend appellate timetable and dismissing appeal where notice of appeal was filed more than forty-five days after summary judgment was signed).

PER CURIAM

Panel consists of Justices Frost, Brown, and Christopher.