

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:        Imdad  Choudry v. Farah  Choudry

Appellate case number:    01-20-00698-CV

Trial court case number:  2019-50895

Trial court:                        247th District Court of Harris County

The judgment in this case was signed on June 15, 2020. Appellant timely filed a motion for new trial, thereby extending the deadline for filing his notice of appeal to September 14, 2020. *See* TEX. R. APP. P. 26.1.(a)(1) (deadline to file notice of appeal is extended to ninety days after judgment is signed if any party timely files, among other things, motion for new trial). Appellant's notice of appeal was filed on October 9, 2020, twenty-five days after the deadline. On October 12, 2020, appellant filed a motion requesting that our Court extend the notice of appeal deadline by a minimum of 30 days, until October 13, 2020. The motion is DENIED.

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The time to file a notice of appeal may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time. *See* TEX. R. APP. P. 26.3. In civil cases, a motion for extension of time is implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day extension period provided by Rule 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (discussing the former appellate rules). But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburg*t, 959 S.W.2d at 617; *see Kinnard v. Carnahan*, 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.). Accordingly, in the case at hand, we lack jurisdiction because both the notice of appeal and the extension motion were filed outside of the fifteen-day timeframe for requesting an extension under Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3.

Appellant suggests that we have the authority to extend the time for him to file his notice of appeal pursuant to the Texas Supreme Court's Twenty-Six Emergency Order Regarding the COVID-19 State of Disaster. Although the supreme court's emergency order provides that courts may modify or suspend deadlines and procedures for a stated period ending no later than December 1, 2020, nothing in the emergency order suggests that it may be interpreted to grant jurisdiction

where jurisdiction no longer exists. Rather, the emergency order merely directs courts to exercise their discretion liberally where that discretion exists.

For the foregoing reasons, we deny appellant's motion to extend the deadline for filing his notice of appeal. We further notify appellant that, because the appeal is untimely, we intend to dismiss the appeal for want of jurisdiction unless appellant files a response by no later than ten days for the date of this order demonstrating that this Court has jurisdiction over the appeal. See TEX. R. APP. P 42.3 (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). Briefing deadlines are ordered stayed pending the determination of our jurisdiction over the appeal.

It is so ORDERED.


Judge's signature:        /s/ Sarah B. Landau
                            Acting individually


Date:  December 3, 2020