**Opinion issued August 12, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-20-00698-CV**

_____

**IMDAD CHOUDRY, Appellant**

**V.**

**FARAH CHOUDRY, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-50895**

---

**MEMORANDUM OPINION**

The final judgment in this case was signed on June 15, 2020. Appellant timely

filed a motion for new trial on July 13, 202, thereby extending the deadline for filing

his notice of appeal to September 14, 2020. *See* TEX. R. APP. P. 26.1.(a)(1) (deadline

to file notice of appeal is extended to ninety days after judgment is signed if any

party timely files, among other things, motion for new trial). Appellant's notice of appeal was filed on October 9, 2020, twenty-five days after the deadline. On October 12, 2020, appellant filed a motion requesting that our Court extend the notice of appeal deadline by a minimum of thirty days, until October 13, 2020.

Our Court denied appellant's untimely extension motion in an order issued on December 3, 2020, explaining that we lacked jurisdiction to grant the requested relief.[1] We further notified appellant that, because the appeal is untimely, we intended to dismiss the appeal for want of jurisdiction unless appellant filed a response within ten days demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P 42.3(a) (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). Appellant did not respond.

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The time to file a notice of appeal may be

---

[1] Appellant's extension motion suggested that we have the authority to extend the time for him to file his notice of appeal pursuant to the Texas Supreme Court's Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster. As explained in our order denying the motion, although the Supreme Court's emergency order provides that courts may modify or suspend deadlines and procedures for a stated period ending no later than December 1, 2020, nothing in the emergency order suggests that it may be interpreted to grant jurisdiction where jurisdiction no longer exists. Rather, the emergency order merely directs courts to exercise their discretion liberally in granting extensions where that discretion exists.

2

extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time. *See* TEX. R. APP. P. 26.3. In civil cases, a motion for extension of time is implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day extension period provided by Rule 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (discussing the former appellate rules). But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617; *see Kinnard v. Carnahan*, 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.). In the case at hand, we lack jurisdiction because both the notice of appeal and the extension motion were filed outside of the fifteen-day timeframe for requesting an extension under Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Countiss.