**Opinion issued May 19, 2022**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-21-00521-CV

———————————

## IN THE INTEREST OF L.C. AND S.C., MINOR CHILDREN

---

### On Appeal from the 247th District Court
### Harris County, Texas
### Trial Court Case No. 2020-28443

---

## MEMORANDUM OPINION

Appellant Erna Aletta Cox ("Cox") filed a Notice of Appeal of a judgment rendered on March 5, 2021 in her Suit to Modify the Parent-Child Relationship. Because Cox's Notice of Appeal was not filed timely, we dismiss the appeal for lack of jurisdiction.

**Discussion**

Texas Rule of Appellate Procedure 26.1 states that a "notice of appeal must be filed within 30 days after the judgment is signed" or "within 90 days after the judgment is signed if any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." TEX. R. APP. P. 26.1. Absent any timely filed notice of appeal, this Court lacks jurisdiction over the appeal and, "[i]n such a circumstance . . . must dismiss the appeal for want of jurisdiction." *In the Matter of J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.) (citing *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003)); *see also Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005) ("Because [appellant's] notice of appeal was untimely, the court of appeals lacked jurisdiction over the appeal[.] *Milewski v. Singing Props.*, No. 10-20-00151-CV, 2020 WL 4047977, at *1 (Tex. App.—Waco July 10, 2020, no pet.) (mem. op.) (noting that appellate court's jurisdiction "depends on a timely notice of appeal").

Cox filed her Notice of Appeal on September 29, 2021. The style reflected in the Notice of Appeal is *Erna Aletta Cox v. Kevin Stuart Cox*, Cause No. 2020-28443, in the 247th Judicial District Court of Harris County—a divorce proceeding

2

between Cox and her ex-husband, Kevin Stuart Cox (the "Divorce Proceeding"). Attached to Cox's Notice of Appeal is an Agreed Final Decree of Divorce between Cox and her ex-husband signed by the 247th Judicial District Court on August 30, 2021 in the Divorce Proceeding. Cox's Notice of Appeal, however, states that the appeal is from a "Judgement [sic] made by Judge [Janice] Berg of [the] 247th Court entered into action on the 5th day of March 2021."

In subsequent filings, Cox states that she seeks to appeal from the final judgment entered on March 4-5, 2021 in Cause No. 2015-42708, a separate matter also before the 247th Judicial District Court of Harris County involving a Suit to Modify the Parent-Child Relationship (the "SAPCR Proceeding"). The trial court announced its judgment in the SAPCR Proceeding orally at the end of a bench trial on March 5, 2021, and signed an order memorializing the ruling on April 2, 2021. Cox filed her Notice of Appeal 180 days after the trial court issued its written order on April 2, 2021.[1]

On January 11, 2022, this Court issued a notice advising Cox that her appeal of the order in the SAPCR Proceeding could be dismissed for want of jurisdiction because her Notice of Appeal appeared to be untimely. *See* TEX. R. APP. P. 26.1. We explained that while her Notice of Appeal bore the style of the Divorce

---

[1] Cox did not file any pleading that would have extended the deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.1(a). Even if she had, her Notice of Appeal would have been untimely.

Proceeding and attached the Agreed Final Decree of Divorce in that action, her Notice of Appeal indicated she was appealing the judgment "entered into action on the 5th day of March 2021" in the SAPCR Proceeding. We advised Cox that her response to the notice from the Court "must address the specific trial court judgment [she] seek[s] to appeal, why [the] notice of appeal is timely, and why this Court has jurisdiction to review the challenged judgment." Cox did not respond to these inquiries. Instead, she responded that

> Although it is found by the 1st Court of Appeals that a late-filed notice of appeal deprives an appellate court of jurisdiction to consider the merits of an appeal. [sic] The Pro Se Petitioner prays for any relief the 1st Court of Appeals can bestow seeing that the Pro Se Petitioner responses, motions, and supplemental brief assert relevant facts related to the same Petitioner and Respondent affected by the Notice of Appeal regardless of the Cause No., and that would have been included had Pro Se Petitioner proceeded in this action with the assistance of counsel. . . .
>
> Therefore, pursuant to the pro se leniency standard, I respectfully request of the 1st Court of [A]ppeal to allow for the Petitioner pro se's to continue under this filed Appeal. Under this view, if it please the court could the 1st Court of Appeal evaluate and consider facts raised in the Response and supplemental brief, even though these filings are not technically within the four corners of the Notice of Appeal.[2]

---

[2]   Cox does not contend she is appealing the August 30, 2021 Agreed Final Decree of Divorce in the Divorce Proceeding (Cause No. 2020-28443).

Although Texas courts construe pro se pleadings and briefs "liberally,"[3] pro se litigants are held to the same standards as licensed attorneys and must satisfy and comply with Texas rules of procedure and law:

> [*P*]*ro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure.  A *pro se* litigant is required to properly present her case on appeal, just as she is required to properly present her case to the trial court. If this were not the rule, *pro se* litigants would benefit from an unfair advantage over those parties who are represented by counsel.  Therefore, we will not make allowances or apply different standards, because a case is presented by a litigant acting without the advice of counsel.

*Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (internal citations omitted); *see also Salmeron v. Atascocita Forest Cmty. Ass'n*, No. 01-20-00616-CV, 2021 WL 3159675, at *2 (Tex. App.—Houston [1st Dist.] July 27, 2021, no pet.) (mem. op.).  Whether or not a litigant is acting pro se, we are not at liberty to disregard procedural deficiencies that deprive our Court of jurisdiction.  Indeed, courts "are forbidden 'to alter the time for perfecting an appeal in a civil case.'" *Kinnard v. Carnahan*, 25 S.W.3d 266, 269 (Tex. App.—San Antonio 2000, no pet.) (citing TEX. R. APP. P. 2); *see also In the Interest of*

---

[3]     *See, e.g.*, *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("*Pro se* pleadings are to be reviewed and evaluated by standards less stringent than those applied to formal pleadings drafted by lawyers."); *see also Barnes v. State*, No. 13-06-409-CR, 2007 WL 2389604, at *1 (Tex. App.—Corpus Christi Aug. 23, 2007, no pet.) (mem. op., not designated for publication) ("[P]ersons who appear pro se are entitled to greater leniency when construing the meaning of their pleadings.") (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)).

*A.N.*, 586 S.W.3d 500, 501 (Tex. App.—Tyler 2019, no pet.) ("Although the higher court may grant an out-of-time appeal, we may not suspend the rules to alter the time to perfect a civil appeal.").

Consequently, because Cox's Notice of Appeal challenging the order issued in the SAPCR Proceeding was not filed timely, we must dismiss the appeal for lack of jurisdiction. TEX. R. APP. P. 42.3(a).

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.