Lenn Earl WRIGHT, Appellant,

v.

TEXAS DEPARTMENT OF CRIMI-
NAL JUSTICE–INSTITUTION-
AL DIVISION, Appellee.

No. 01–03–00568–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 22, 2004.

694

Lenn Earl Wright, Huntsville, TX, pro se.

Dawn Rogers, Assistant Attorney General, Austin, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

## OPINION

SAM NUCHIA, Justice.

Appellant, Lenn Earl Wright, brought suit under the Texas Tort Claims Act against the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID) for injuries to his hand. He appeals the trial court's dismissal of his suit for want of prosecution and its denial of his motion to vacate judgment. We affirm.

## BACKGROUND

Appellant, an inmate incarcerated in TDCJ–ID, alleges that, on February 8, 1994, he was ordered to deliver a food cart to the death-row cell blocks. While en route to the cell blocks, appellant had to travel through double doors. While appellant was passing through these doors, one of the doors swung backwards and hit appellant's left hand, severing the first joint of his little finger. Appellant brought suit on August 8, 1994 under the Texas Tort Claims Act, alleging that the TDCJ–ID was liable.

Appellant filed his lawsuit on August 8, 1994. From August 24, 1994 until December 6, 2000, appellant filed a total of 16 motions. He filed no documents with the court from December 7, 2000 until July 12, 2002, when he sent a letter to the court asking why the court had not set a trial date. Appellee did not receive a notice of this correspondence. Appellee filed a motion to dismiss for want of prosecution on May 1, 2003. The motion was granted on May 2, 2003 and appellant's lawsuit was dismissed with prejudice. Appellant asserts that he did not receive notice of the order dismissing his lawsuit for want of prosecution until May 9, 2003. Appellant filed a motion to vacate judgment on June 10, 2003, which the trial court denied on June 16.

## Denial of Motion to Vacate

■ Appellant, in his third issue on appeal, asserts that the trial court abused its discretion by denying his "motion to vacate" its final judgment. Appellant argues that he deposited this motion in the mail on June 6, 2003 and that the trial court denied his motion to vacate because it was filed more than 30 days after the final judgment, which was signed on May 2, 2003. Appellant asserts that he did not obtain notice of the judgment until May 9, 2003 and that, therefore, his motion was timely.[1]

■ We construe appellant's motion to "vacate" as a motion to reinstate, which is the appropriate motion to be filed after a case has been dismissed. *See* Tex.R. Civ. P. 165a(3). A motion to reinstate must be filed with the clerk within 30 days after the trial court signs the order of dismissal. *Id.* Appellant's motion to vacate judgment was filed on June 10, 38 days after the trial court signed the judgment. Therefore, appellant's motion does not comply with rule 165a(3), which counts from the day that the dismissal is signed.[2] Tex R. Civ. P. 165a (3). We hold that the trial court did not abuse its discretion in denying appellant's motion to "vacate." We overrule appellant's third issue.

## Want of Prosecution: Due Process

Appellant, in his first issue, asserts that the trial court deprived him of due process under the Fourteenth Amendment[3] when it failed to provide notice and a hearing before dismissing his lawsuit for want of prosecution. Appellant contends that he never received a notice of the trial court's intention to dismiss his case for want of prosecution, nor was there a hearing, and, consequently, he had no chance to respond to appellee's motion before the trial court rendered the dismissal.

■ The Supreme Court of Texas held in *Villarreal v. San Antonio Truck & Equipment* that a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under rule 165a or under the court's inherent authority. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Id. Villarreal*, however, does not address the question of what due process requires when a plaintiff receives notice after dismissal has occurred, but in time to file a motion to reinstate. We hold that, when an appellant has the time and opportunity to file a motion for reinstatement that could raise a claimed error, he waives any due process rights if he fails to file such motion. *See Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.-San Antonio 2002, pet. denied) (holding that plaintiff was afforded due process rights because he received actual notice of dismissal order in time to file motion to reinstate and hearing was held on motion).

---

1. We note that, even if we were to count the time from May 9th until the filing of appellant motion, the motion was not filed within 30 days of the date appellant received notice.

2. Appellant suggests that this court follow the federal approach set forth in *Houston v. Lack*, which allows the notice of appeal of *pro se* prisoners to be deemed filed upon the date it is delivered to prison authorities. *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). However, under the current rules of appellate procedure, we are not permitted to alter the time allowed for perfecting appeal in a civil case and thus, are unable to apply the federal approach to notices of appeal of *pro se* prisoners. *See Kinnard v. Carnahan*, 25 S.W.3d 266, 268–69 (Tex.App.-San Antonio 2000, no pet.).

3. U.S. Const. amend XIV.

In this case, appellant received notice after the dismissal with ample time to file a motion to reinstate. In that motion, appellant could have brought his claims to the attention of the trial court. He failed to do so, preventing the trial court from having an opportunity to correct the error. Since appellant failed to correct this error, we overrule appellant's first issue.[4]

### Want of Prosecution: Merits

Appellant, in his second issue, contends that the trial court's dismissal of his lawsuit for want of prosecution was an abuse of discretion.

A trial court's authority to dismiss for want of prosecution stems from rule 165a of the Texas Rules of Civil Procedure and from the court's inherent power. *Villarreal*, 994 S.W.2d at 630. A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. *City of Houston v. Robinson*, 837 S.W.2d 262, 264–65 (Tex.App.-Houston [1st Dist.] 1992, no writ). We review a trial court's order of dismissal for an abuse of discretion. *Coleman v. Lynaugh*, 934 S.W.2d 837, 838 (Tex.App.-Houston [1st Dist.] 1996, no writ).

Appellant initiated this case in August 1994. He filed a total of 16 motions with the court, primarily requests for discovery.

From December 6, 2000 until July 12, 2002, appellant had no contact with either the court or appellee. Appellant's only contact with the court in 2002 was a letter asking whether a trial date had been set pursuant to a request. Appellant allowed a period of 19 months to elapse without communicating with the court, which is outside of the time standards promulgated by the Texas Supreme Court for civil cases.[5] Because of the inactivity in the case from 2000 until 2002, the trial court could have found that appellant was not pursuing his claim with due diligence.[6] We overrule appellant's second issue.

### CONCLUSION

We affirm the judgment of the trial court.

---

4. Also, in his motion to reinstate, appellant argued that he had been diligent and that his case should not be dismissed. He did not complain that he had not been provided notice and a hearing.

5. The current time standard for civil jury cases is 18 months. Tex R. Jud. Admin. 6b(a).

6. Appellant asserts that the delay was caused by the trial court's failure to respond to his motion requesting a jury trial and his request for a pre-trial conference with TDCJ–ID.