Opinion issued February 2, 2006









Opinion issued February 2,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00527-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RUSSELL SNEED, Appellant

 

V.

 

THE UNIVERSITY OF TEXAS MEDICAL BRANCH MANAGED
CARE-GALVESTON, LARRY LIPSCOMB, M.D., WILLIAM SHELBY, P.A., LORI LYNN CINDRICK,
M.D., SALLY ABSTON, M.D., MICHELLE I. SLOGOFF, M.D., TODD ANDREW SPENCER, M.D.,
DENNIS C. GORE, M.D., AND ARAVIND B. SANKAR, M.D., Appellees

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 01CV0469








 

 

 



MEMORANDUM OPINION

 

          Appellant,
Russell Sneed, brought a pro se medical malpractice action against the
University of Texas Medical Branch Managed Care-Galveston and eight doctors
arising out of their alleged negligence in treating and surgically repairing an
incisional hernia from which he suffers. 
He appeals the trial court’s dismissal of his suit for want of prosecution.  We affirm.

Background

          Sneed,
who is presently incarcerated, alleges that he suffered personal injury,
physical pain, disfigurement, and mental anguish as a result of appellees’
negligence in performing multiple surgeries on his incisional hernia.  Sneed brought suit on May 29, 2001 under the
Texas Tort Claims Act and the Texas Medical Liability and Insurance Improvement
Act.

          At
the time Sneed filed his lawsuit, he also filed a motion to proceed in forma
pauperis, declaration of inability to pay costs, affidavit in lieu of security
for costs, motion for docket and hearing, motion for appointment of counsel,
and motion for bench warrant or in the alternative motion for hearing by conference
call.  The trial court granted Sneed’s
motion to proceed in forma pauperis but denied the other motions.  In August 2001, Sneed filled out a form
requesting that the clerk of the court issue service of his petition on all
nine defendants.  The clerk, however, was
“unable to determine or read” Sneed’s request and advised him by letter that he
should fill out nine separate request forms, which were included with the clerk’s
letter.

          In
October 2001, Sneed filed a request to stay proceedings, in which he notified
the court via affidavit that because he had no access to a copy machine in
prison, he had asked his sister to make nine photocopies of the petition.  Prison officials, however, refused to deliver
his sister’s package containing the photocopies and instead advised him that he
was required to notify the mailroom in advance if he was expecting a package from
his family containing legal documents. 
Because he anticipated a delay in obtaining the photocopies of his
petition, Sneed asked the trial court to grant a continuance.  The trial court denied the motion on October
15, 2001.

          The
record is void of any attempts by Sneed to effect service of process following
the trial court’s denial of his request for continuance.  On March 10, 2002, Sneed sent a letter to the
clerk of the court asking for an update on the status of his case.  In correspondence dated March 15, 2002, the
clerk advised Sneed that his case was still pending and enclosed a computer
printout of the trial court’s rulings. 
In November 2002, Sneed sent a letter to the court regarding his change
of address.  From November 2002 until
March 2005, Sneed filed no documents with the court.

          On
February 9, 2005, the trial court sent Sneed a “drop docket notice,” which
provides as follows:

Please be advised that the above case is currently set
on the 405th District Court Dismissal Docket on March 17, 2005 at
9:00 A.M.  Any motions to retain this
cause must be filed with the Clerk of this Court.

 

This cause will be dismissed for want of prosecution
in accordance with rule 3.22 of the [Local Rules of the District Courts for
Galveston County, Texas] unless, in accordance with Rule 165a T.R.C.P., you
appear and show cause why the case should be retained.

 

On March 15, 2005, Sneed filed a
motion to retain, request to compel discovery, second request for appointment
of counsel, and second request for appointment of expert witness.  Although the trial court denied the motions
to compel discovery, appoint counsel, and appoint an expert witness, it set the
motion to retain for hearing by submission on April 21, 2005.  The court ordered Sneed to file written
affidavits and any other information relevant to the motion to retain by April
11, 2005.  Sneed did not file anything to
support his motion to retain or in any way respond to the court’s order that he
provide additional information. 
Accordingly, the court denied Sneed’s motion to retain on April 22,
2005.  Three days later, the court
dismissed the case for want of prosecution.

Analysis

Dismissal for Want of Prosecution

          Sneed
contends the trial court abused its discretion in dismissing his case for want
of prosecution based on his failure to appear. 
Sneed points out that, as an incarcerated prisoner, it was impossible
for him to appear at the dismissal hearing. 
He asserts that due process required the trial court to investigate
reasonable alternatives, such as allowing him to appear by bench warrant,
telephone, or videoconference.

          A
trial court’s authority to dismiss for want of prosecution stems from two
sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the
court’s inherent power.  Villarreal v.
San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  A trial court may dismiss under Rule 165a on
“failure of any party seeking affirmative relief to appear for any hearing or
trial of which the party had notice,” or when a case is “not disposed of within
time standards promulgated by the Supreme Court.”  Tex.
R. Civ. P. 165a(1)–(2).  In
addition, the common law vests the trial court with the inherent power to
dismiss independently of the rules of procedure when a plaintiff fails to
prosecute his case with due diligence.  Villarreal,
994 S.W.2d at 630.  A party must be given
notice and an opportunity to be heard before a court may dismiss a case for
want of prosecution.  Id.  A court may not dismiss for want of
prosecution on a ground other than those for which it gave notice of its intent
to dismiss.  See id. at
632–33.  We review a trial court’s order
of dismissal for an abuse of discretion. 
MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997).

          Contrary
to Sneed’s contention, the trial court did not dismiss the case based upon his
failure to appear at the dismissal hearing.[1]  This is evident from the order of dismissal,
in which the trial judge crossed out the form language “no party appearing to
contest Dismissal of this cause.” 
Rather, in accordance with the dismissal notice, the trial court
apparently dismissed the case because it was “not disposed of within time
standards promulgated by the Supreme Court.” 
Tex. R. Civ. P.
165a(2).  The current time standard
promulgated by the Texas Supreme Court for civil jury cases is eighteen months
from the appearance date.  Tex. R. Jud. Admin. 6(b)(1), reprinted
in Tex. Gov’t Code Ann., tit.
2, subtit. F app. (Vernon 2005).  The
Galveston County Local Rule referenced in the trial court’s dismissal notice
similarly provides that all cases on the docket for more than twenty-four
months that have not been set for trial or other hearing shall be placed on the
“Drop Docket” at the discretion of the court. 
Galveston County (Tex.) Dist. Ct.
Loc. R. 3.22(A).

Sneed initiated this case in May
2001.  From November 2002 until March
2005, Sneed had no contact with the court. 
Thus, Sneed allowed a period of twenty-eight months to elapse without
communicating with the court.  This violates
the time standards promulgated by both the Texas Supreme Court and the local
courts of Galveston County.  Based on the
inactivity in the case from November 2002 until March 2005, along with Sneed’s
failure to file affidavits or other information in support of his motion to
retain when given the opportunity to do so, the trial court reasonably could
have found that Sneed failed to prosecute his case with due diligence.  See Wright v. Tex. Dep’t of Criminal
Justice-Institutional Div., 137 S.W.3d 693, 696 (Tex. App.—Houston [1st
Dist.] 2004, no pet.) (holding that trial court did not commit abuse of
discretion in dismissing case for want of prosecution where incarcerated
plaintiff failed to communicate with court for nineteen-month period).  Accordingly, we hold that the trial court did
not abuse its discretion in dismissing Sneed’s case for want of prosecution.

Appointment of Counsel

          Sneed
also contends the trial court erred in dismissing his case for want of
prosecution because he was unable to effectively prosecute his case without
assistance from appointed counsel.  Sneed
acknowledges that there is no constitutional right to appointment of counsel in
civil proceedings, but urges that because his medical malpractice case requires
expert testimony and reports, appointment of counsel is necessary.

The Texas Supreme Court recently addressed
the issue of appointed counsel in medical malpractice cases brought by indigent
inmates in Gibson v. Tolbert, 102 S.W.3d 710 (Tex. 2003).  The court recognized that although the
Legislature has statutorily provided for appointed counsel in certain types of
cases,[2]
the Legislature has not expressly required appointed counsel for indigent
plaintiffs in medical malpractice actions—even though the Legislature “has
imposed unique procedural hurdles for a plaintiff to clear [in medical
malpractice cases], such as requiring the plaintiff to provide an expert
report.”  Id. at 712.  The court also recognized that even when
appointed counsel is not statutorily required, a trial court nonetheless has
the inherent power to appoint counsel in civil cases under “exceptional
circumstances,” which exist when “the public and private interests at stake are
such that the administration of justice may best be served by appointing a
lawyer to represent an indigent civil litigant.”  Id. (quoting Travelers Indem. Co.
v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996)).  The court then considered whether an indigent
inmate’s medical malpractice suit against a prison doctor presents the type of
“exceptional circumstances” warranting appointment of counsel and concluded it
does not:

[W]hat is “exceptional” is by definition rare and
unusual—something not easily identified by a general rule.  Only by evaluating the unique circumstances
of a given civil case could a court ever determine that it has no reasonable
alternative but to appoint counsel.  In
short, it is easier to determine what is not exceptional than to pronounce a
general proposition on what would be exceptional.

 

          This
case is an obvious example.  Inmate suits
against prison personnel, rather than rare and unusual, are common.  In fact, the Legislature enacted laws in an
effort to curb this particular area of litigation excess.  The mere fact that an indigent inmate brings
a cause of action against an employee of the prison in which the inmate is
incarcerated does not constitute exceptional circumstances such that it
warrants appointed counsel.  Furthermore,
plaintiffs in medical malpractice cases are routinely represented by counsel on
contingent fee contracts.  As long as his
claims against Gibson were meritorious, Tolbert’s indigency should not have
prevented him from employing able counsel.

 

Id. at 713 (internal footnote omitted).

Like Tolbert, Sneed has not demonstrated
how his case presents “exceptional circumstances” warranting appointment of
counsel.  The obstacles that confronted
Tolbert are similar to those confronting Sneed. 
Both are indigent, lack legal skill and training, and desire expert
testimony to support their claims.  See
Wigfall v. Tex. Dep’t of Criminal Justice, 137 S.W.3d 268, 275 (Tex.
App.—Houston [1st Dist.] 2004, no pet.) (following Tolbert and
concluding that indigent inmate’s medical malpractice suit did not warrant
appointed counsel).  Moreover, we note
that in his motion to retain and in his brief, Sneed states that his “efforts
to obtain counsel outside prison walls perhaps on a contingency basis went
unprevailing.”  Yet, as the Texas Supreme
Court reasoned in Tolbert, a plaintiff should not have difficulty
obtaining counsel on a contingency fee basis as long as his claims are
meritorious.  Tolbert, 102 S.W.3d
at 713; see also Wigfall, 137 S.W.3d at 275.  We therefore hold that the trial court did
not abuse its discretion in refusing to appoint counsel for Sneed.

 

 

 

 

 

 

Conclusion

          We
affirm the trial court’s order of dismissal.

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.











[1] Although litigants cannot be denied access to the
courts simply because they are inmates, they do not have an absolute right to
appear personally at every court proceeding. 
In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).  Instead, an inmate’s right of access must be
weighed against the protection of the correctional system’s integrity.  Id. 
If a trial court denies an inmate’s request to appear personally at a
hearing, the court should allow the inmate to proceed by affidavit, deposition,
telephone, or other effective means.  Boulden
v. Boulden, 133 S.W.3d 884, 887 (Tex. App.—Dallas 2004, no pet.); Aguilar
v. Alvarado, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied).  Here, the trial court decided against
allowing Sneed to appear personally at the dismissal hearing, but afforded
Sneed an adequate opportunity to file written affidavits and any other relevant
information in support of his motion to retain. 
Sneed, however, failed to avail himself of this opportunity.





[2] These include juvenile delinquency proceedings,
parental termination suits, and cases in which an application for court-ordered
mental health services has been made.  See
Tex. Fam. Code Ann. §§ 51.10,
107.013 (Vernon Supp. 2005); Tex. Health
& Safety Code Ann. § 574.003 (Vernon 2003).