Opinion issued January 31, 2008 















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00380-CV

__________


HUDSON & KEYSE, L.L.C., Appellant


V.


LAVERN W. GIPSON AND EMMETT GIPSON, Appellees






On Appeal from the County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 865145






MEMORANDUM OPINION

 Appellant, Hudson & Keyse, L.L.C. ("Hudson"), challenges the trial court's
order of dismissal of its suit against appellees, Lavern W. Gipson and Emmett
Gipson, to recover an outstanding credit card balance. In two issues, Hudson
contends that the trial court erred in dismissing the case for want of prosecution and
denying its motion for substitute service. 

 We affirm. 

Factual and Procedural Background


 On May 23, 2006, Hudson filed suit against the Gipsons, alleging that they
defaulted in making required payments pursuant to a credit card agreement. On May
25, 2006, citation was issued. On June 22, 2006, Hudson filed a motion for substitute
service, stating that it had unsuccessfully attempted to serve the Gipsons, who
"[could] probably be found" at 808 Junell Street in Houston, Texas, and that the
Gipsons could be given notice of the suit through substitute service. 

 In support of its motion, Hudson attached an affidavit from its process server,
who testified that she "attempted to make personal delivery" on the Gipsons at their
"place of abode," (1) but had "deemed" such service "impractical." She believed that
the Gipsons could be given notice of the suit "by delivering to anyone over the age
of sixteen (16) at the [Gipsons'] usual place of abode or by attaching [the citation and
petition] to the front entrance of the [Gipsons'] usual place of abode." The process
server had previously attempted to serve the Gipsons at the Junell Street address on
five occasions--May 31, June 2, June 3, June 5, and June 10, 2006--but there was
no answer at the door. Thus, she left her card on the door. On June 6, 2006, she
received a telephone call from a male individual who identified himself as Emmett
Gipson and told her that she "should not come back to his house because neither he
nor his wife [would] take anything that [she] had." 

 The clerk's record does not show that the trial court ruled on Hudson's motion
for substitute service. (2) Moreover, there is no evidence in the record that Hudson ever
again attempted to serve the Gipsons during the following eight months in which the
suit remained pending or that Hudson filed any additional requests for substitute
service supported by any new evidence.

 On January 5, 2007, the trial court granted Hudson a continuance. (3) Three
months later, on March 5, 2007, the trial court signed an order of dismissal "for want
of prosecution," stating that the parties had been notified of the trial date and had
"failed to appear."

 On March 28, 2007, Hudson filed a motion to reinstate, in which it stated that
it had filed a second motion for continuance on February 28, 2007, "explain[ing] that
it was having difficulties serving [the Gipsons]." Although this motion for
continuance is not contained in the clerk's record, Hudson, in its appellate briefing
represents that it filed this second motion for continuance "prior to dismissal
indicating to the trial court that it was having continuing difficulties with service."
(Emphasis added). However, there is no evidence in the record that Hudson made
continuing service efforts following its five service attempts in late May and early
June 2006. In its motion to reinstate, Hudson also asserted that Harris County
Appraisal District ("HCAD") records established that the Gipsons owned "homestead
property" at the Junell Street address and that the Gipsons had not been home or were
avoiding service. However, Hudson did not attach the referenced HCAD records to
its motion, and they are not contained in the record before us.

 On April 5, 2007, the trial court signed an order stating that it heard Hudson's
motion to reinstate and that the motion was "not well taken." Thus, the trial court
denied the motion to reinstate. Although the order recites that a hearing was held on
the motion, there was no reporter's record filed with this Court. 

Dismissal for Want of Prosecution

 In its first issue, Hudson argues that the trial court erred in dismissing the case
for want of prosecution because Hudson attempted service on five different
occasions, it provided proof that it made these service attempts at the Gipsons'
homestead, the trial court should have allowed substitute service, and it exercised
diligence.

 A court may dismiss a case for want of prosecution "on failure of any party
seeking affirmative relief to appear for any hearing or trial of which the party had
notice." Tex. R. Civ. P. 165a(1). In fact, "[a]t the dismissal hearing, the court shall
dismiss for want of prosecution unless there is good cause for the case to be
maintained on the docket." Id. In addition to the express authority under Rule 165,
the common law vests trial courts with the inherent power to dismiss a case when the 
plaintiff fails to prosecute the case with due diligence. Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 850 (Tex. 2004); Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999). We review a trial court's order dismissing
a case for want of prosecution for an abuse of discretion. Wright v. Tex. Dep't of
Criminal Justice-Institutional Div., 137 S.W.3d 693, 696 (Tex. App.--Houston [1st
Dist.] 2004, no pet.).

 Here, the trial court, in its March 5, 2007 dismissal order, recited that the
parties had been notified of the trial date and failed to appear. In its appellate
briefing, Hudson does not address the consequence of failing to appear on the trial
date. Hudson does not contend that the trial court failed to provide it with the
required notice. See Tex. R. Civ. P. 165a(1) (setting forth notice requirements before
case may be dismissed for want of prosecution for failure to appear). Nor does
Hudson assert any specific reason as to why it was not required to appear. Moreover,
Hudson does not challenge the trial court's statement in the dismissal order that
Hudson, in fact, failed to appear. We note that although Hudson, in its subsequently-filed motion to reinstate, referred to the filing of a February 28, 2007 motion for
continuance prior to the trial court's dismissal, there is no copy of any such motion
in the record. On this record, we cannot conclude that the trial court abused its
discretion in dismissing the case for want of prosecution under Rule 165 when
Hudson failed to appear on the trial date on March 5, 2007. See id.

 In regard to Hudson's motion to reinstate, a party may file a motion setting
forth grounds for reinstatement, and the trial court "shall set a hearing on the motion." 
Tex. R. Civ. 165a(3). The trial court "shall reinstate the case upon finding after a
hearing that the failure of the party or his attorney was not intentional or the result of
conscious indifference but was due to an accident or mistake or that the failure has
been otherwise reasonably explained." Id. We review a trial court's ruling on a
motion for reinstatement for an abuse of discretion. WMC Mortg. Corp. v. Starkey,
200 S.W.3d 749, 752 (Tex. App.--Dallas 2006, pet. denied). 

 Here, in its first issue, Hudson has not specifically challenged the trial court's
denial of its motion to reinstate. However, to the extent that it seeks to challenge this
ruling, it has not cited anything in the record to show that the trial court would have
abused its discretion in not making the requisite finding to reinstate the case, i.e., the
finding that Hudson's failure was not intentional or the result of conscious
indifference but was due to an accident or mistake or that Hudson's failure has been
otherwise reasonably explained. Tex. R. Civ. 165a(3). In considering whether the
record would support such a finding, we note that although the order denying the
motion to reinstate suggests that a hearing was held on Hudson's motion, there was
no reporter's record taken at the hearing. Thus, we are not aware of what additional
evidence, if any, was considered by the trial court in denying the motion to reinstate. 
Furthermore, although Hudson, in its appellate briefing, suggests that it was having
continuing difficulties with service, the only evidence in the record is that Hudson
made five service attempts in an eleven-day period from May 31 to June 10, 2006. 
There is no evidence as to what service efforts, if any, Hudson undertook during the
subsequent eight-month period from June 2006 until March 2007, when the case was
dismissed. Accordingly, we hold that the trial court did not err in dismissing the case
for want of prosecution and denying Hudson's motion to reinstate.

 We overrule Hudson's first issue.


Substitute Service

 In its second issue, Hudson argues that the trial court erred in denying its
motion for substitute service because it made five separate service attempts at the
Gipsons' residence and that the Gipsons would not "cooperate in the service process." 
Hudson asserts that "[c]learly they were evading service and substituted service was
the only means available to serve them" and that the "quality and quantity" of its
service attempts shows "extreme diligence." Hudson also asserts that the trial court's
error "caused this case to remain pending without any disposition until the trial court
dismissed it for want of prosecution."

 Texas Rule of Civil Procedure 106(b) provides,

Upon motion supported by affidavit stating the location of the
defendant's usual place of business or usual place of abode or other
place where the defendant can probably be found and stating specifically
the facts showing that service has been attempted under either (a)(1) or
(a)(2) at the location named in such affidavit but has not been
successful, the court may authorize service


(1) by leaving a true copy of the citation, with a copy of the petition
attached, with anyone over sixteen years of age at the location
specified in such affidavit, or


(2) in any other manner that the affidavit or other evidence before the
court shows will be reasonably effective to give the defendant
notice of the suit.


Tex. R. Civ. P. 106(b). 

 We examine a trial court's denial of a motion for substitute service for an abuse
of discretion. See Izen v. Sjostrom, No. 14-06-00142-CV, 2007 WL 968841, at *4
(Tex. App.--Houston [14th Dist.] 2007, pet. denied) (mem. op.).

 Initially, we note that the record does not contain an order denying Hudson's
motion for substitute service. It appears that the trial court simply did not rule on
Hudson's motion. See Tex. R. App. P. 33.1 (providing that as prerequisite to
presenting complaint for appellate review, record must show that trial court ruled on
motion, expressly or implicitly, or refused to rule on motion, and complaining party
objected to refusal). Nevertheless, contrary to Hudson's assertions that it exercised
"extreme diligence," the record does not establish that Hudson made continuous
efforts to serve the Gipsons throughout the underlying proceedings. Rather, the
record shows that Hudson's process server made five attempts during an eleven-day
period to serve the Gipsons at their purported home address shortly after Hudson filed
suit. There is nothing in the record to indicate that, after these initial attempts,
Hudson ever made any additional service attempts or that Hudson ever filed any
additional motions for substitute service, supported by any additional evidence. 
Accordingly, we hold that the trial court did not abuse its discretion in not authorizing
substitute service. See Izen, 2007 WL 968841, at *4 (holding that trial court did not
abuse its discretion in denying motion for substitute service after plaintiff attempted
to serve defendant at his residence on four separate occasions). 

 We overrule Hudson's second issue.

Conclusion


 We affirm the order of the trial court dismissing the case for want of
prosecution.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.



1. The process server stated, without any explanation, that the Gipsons place of abode
"was established personally in [her] efforts." 
2. Although Hudson, in its briefing, asserts that the trial court denied its motion for
substitute service, the clerk's record contains no such order.
3. The clerk's record does not contain a copy of any motion supporting Hudson's request
for a continuance, nor does it contain any evidence as to the basis for the continuance.