Opinion Issued December 17, 2009





 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00914-CR






JOHN PATRICK FORWARD, Appellant


V.


TEXAS BOARD OF PARDONS AND PAROLES, Appellee






On Appeal from the 80th District Court 

Harris County, Texas

Trial Court Cause No. 2007-16986








MEMORANDUM OPINION


 Appellant, John Patrick Forward, appeals the trial court's order that dismissed
for want of prosecution his petition for expunction of records. In two issues, Forward
contends the court abused its discretion in dismissing his expunction petition for want
of prosecution because the trial court did not give Forward adequate notice that his
petition would be dismissed for failure to prosecute his case, and he proved each of
the requirements for having his record expunged. We conclude the trial court did not
give adequate notice to Forward of its intent to dismiss the case. We, therefore,
reverse and remand the case to the trial court. Background

 Forward, an inmate litigating pro se, petitioned the trial court for expunction
of records related to arrests in five cases. In March 2007, Forward filed an
expunction petition. A motion for a bench warrant accompanied his petition, but the
bench warrant did not specify any particular date for Forward to be brought to court. 
The record does not show that the trial court ruled on that motion. On May 17, 2007,
the trial court scheduled a hearing on Forward's petition for July 27, 2007. On July
27, Forward failed to appear for the hearing.

 The record shows that on September 24, 2007, the trial court generated a
"Notice of Disposition Deadline." The notice advised the parties that the expunction
matter needed to be set and heard by September 24, 2007, the same day it was
generated. On the same day the notice was generated, the trial court dismissed
appellant's petition for want of prosecution. In an "Order of Dismissal" dated
September 28, 2007, the trial court stated in relevant part,

 On this the 24th day of September 2007 at 9:00 a.m. the parties
having been duly notified of said dismissal and having failed to appear, 

 IT IS HEREBY ORDERED that this cause of action be and is
hereby DISMISSED FOR WANT OF PROSECUTION. 


(emphasis original). This appeal timely followed.Dismissal for Want of Prosecution 

 In his fist issue, Forward contends the court abused its discretion in dismissing
his expunction petition for want of prosecution because the trial court did not give
Forward adequate notice that his petition would be dismissed for failure to prosecute
his case. Forward asserts, "[He] was not given adequate notice that his case would
be dismiss[ed] for want of prosecution because the disposition deadline to have the
case set and heard was September 24, 2007, the same date the notice was signed."

 A. Applicable Law

 A trial court may dismiss for want of prosecution either under its inherent
power or under rule 165a of the Texas Rules of Civil Procedure. Villarreal v. San
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); see Tex. R. Civ. P. 165a.
A party must be provided with notice and an opportunity to be heard before a trial
court may dismiss a case for want of prosecution under either rule 165a or its inherent
power. See Tex. R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and
the date and place of the dismissal hearing shall be sent by the clerk to each attorney
of record, and to each party not represented by an attorney . . . ."); Villarreal, 994
S.W.2d at 630. Failure to provide adequate notice of the trial court's intent to dismiss
for want of prosecution is a due process violation and requires reversal. Villarreal,
994 S.W.2d at 630; Donnell v. Spring Sports, Inc., 920 S.W.2d 378, 386 (Tex.
App.--Houston [1st Dist.] 1996, writ denied). 

 We review a trial court's order dismissing a case for want of prosecution for
abuse of discretion. Wright v. Tex. Dep't of Crim. Just.-Inst. Div., 137 S.W.3d 693,
696 (Tex. App.--Houston [1st Dist.] 2004, no pet.). A trial court abuses its discretion
when it acts without reference to any guiding rules and principles. Id. (citing Cire v.
Cummings, 134 S.W.3d 835, 839 (Tex. 2004)).

 B. Analysis

 The record shows the trial court dismissed Forward's expunction petition for
want of prosecution on September 24, 2007, the same day it generated the "Notice of
Disposition Deadline."

 On November 17, 2009, we ordered the trial court to supplement our record
with all documents concerning the date the court sent notice to Forward that his case
would be dismissed for want of prosecution. Having examined the entire record
before us, the record shows Forward was given notice of the trial court's intent to
dismiss on the same day the court dismissed his case. We hold that the "Notice of
Disposition Deadline" failed to provide adequate notice, and was a due process
violation of law that requires reversal. See Donnell, 920 S.W.2d at 386 (reversing
trial court's dismissal for want of prosecution, where court instantaneously dismissed
based upon opposing party's verbal motion, because trial court failed to give adequate
notice to Donnell before dismissing).

 We sustain Forward's first issue. We, therefore, do not reach his second issue
in this appeal.

Conclusion

 We reverse the order dismissing Forward's expunction petition for want of
prosecution and remand the case for further proceedings.




 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.