

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00360-CV

———————————————————

LARRY JOE MORGAN, Appellant

v.

RICHARD SCOTT WALKER, Appellee

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-282599-15

Before Walker, Kerr, and Pittman, JJ.
Per Curiam

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Larry Joe Morgan, an incarcerated inmate appearing pro se in this court, appeals from the trial court's order dismissing his case for want of prosecution. In two issues, Morgan argues that the trial court violated his constitutional rights and abused its discretion by dismissing his case for want of prosecution. Because the trial court did not violate Morgan's constitutional rights and did not abuse its discretion by dismissing Morgan's case, we will affirm.

## II. PROCEDURAL BACKGROUND

In January 2016, Morgan filed suit against Appellee Richard Scott Walker. According to Morgan's pleadings, Appellee was appointed to represent Morgan during his criminal trial. After a jury found Morgan guilty of aggravated assault with a deadly weapon, and he was sentenced to twenty years' confinement, Morgan sued Appellee, alleging that Appellee had violated the Texas Deceptive Trade Practices Act and had committed legal malpractice.[1] Appellee answered and filed a general denial the following month.

In March and April 2016, Morgan propounded discovery requests on Appellee and filed copies in the trial court. In May and June 2016, Morgan sent letters to the

---

[1]Morgan included a jury demand with his petition.

trial court inquiring about the status of a motion-to-compel hearing. A year then elapsed without any filings from Morgan in the trial court.[2]

On June 15, 2017, the trial court sent the parties notice of its intent to dismiss the case, stating that

> [i]n accordance with [r]ule 165a, the above-referenced case will be dismissed for want of prosecution on or about July 31, 2017, unless the parties advise the court in writing that good reason exists for the retention of this case on the [c]ourt's docket. In order for this case to be removed from the dismissal docket, either party shall present a proposed motion with an order to retain, an order submitting this case to mediation, or an order setting this case for trial on or before June 26, 2017.[3]

Neither party filed any of the items specified in the trial court's notice of dismissal.

On September 29, 2017, the trial court ordered Morgan's case dismissed for want of prosecution pursuant to Texas Rule of Civil Procedure 165a and for failing to comply with the dismissal notice.[4] Morgan then perfected this appeal.[5]

---

[2]In June 2016, Morgan filed an appeal in this court based on the incorrect presumption that the trial court had dismissed his case. *See Morgan v. Walker*, No. 02-16-00219-CV, 2016 WL 4395803, at *1 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (mem. op.). We dismissed that appeal in August 2016 because there was no signed judgment or appealable order. *See id.*

[3]Because the original clerk's record did not contain the dismissal notice, we requested the trial court clerk to supplement the record. *See* Tex. R. App. P. 34.5(c).

[4]Although the dismissal order states that the dismissal notice was dated July 31, 2017, the dismissal notice was signed June 15, 2017, and set a proposed dismissal date of July 31, 2017.

[5]Although given the opportunity, Appellee did not file an appellate brief.

3

### III. NO CONSTITUTIONAL-RIGHTS VIOLATION

In his first issue, Morgan argues that the trial court violated his constitutional rights under the First, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteen Amendments to the United States Constitution. Morgan contends that the trial court erred by dismissing his suit for want of prosecution without first allowing him an opportunity to amend his pleading. The trial court's dismissal order reveals that Morgan's case was dismissed because he failed to file any of the items specified in the dismissal notice that would have allowed his case to proceed. The trial court thus did not dismiss Morgan's case based on any perceived pleading deficiency that Morgan now claims.

Morgan makes no argument connecting the dismissal of his case to a violation of his constitutional rights under the various constitutional amendments he lists in his brief. Our review of the record does not reflect that Morgan's constitutional rights were violated; the trial court informed Morgan of its intent to dismiss Morgan's case for want of prosecution under rule 165a, gave him the opportunity to file documents to retain the case on the docket, and waited for three and a half months after the notice before dismissing the case.

Moreover, after the dismissal order, Morgan had the opportunity to file a motion for reinstatement in which he could have raised his alleged constitutional violations, but he failed to file such motion and therefore waived any alleged due-process violations. *See Wright v. Tex. Dep't of Crim. Justice-Inst. Div.*, 137 S.W.3d 693,

4

695 (Tex. App.—Houston [1st Dist.] 2004, no pet.). To the extent Morgan's first issue attempts to raise constitutional violations other than due process, we hold that such arguments are inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing). Accordingly, we overrule Morgan's first issue.

## IV. NO ABUSE OF DISCRETION SHOWN BY DISMISSING CASE FOR WANT OF PROSECUTION

In his second issue, Morgan argues that the trial court abused its discretion by dismissing his case for want of prosecution.[6]

We review a trial court's order dismissing for want of prosecution for an abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court can dismiss for want of prosecution (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards promulgated by the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. *Wright*, 137 S.W.3d at 696. *See generally* Tex. R. Civ. P. 165a.

---

[6]Morgan reiterates in his second issue his argument that the trial court should have allowed him to replead because his "error could be remedied through more specific pleading." But as set forth above, Morgan's case was not dismissed based on any perceived pleading error but rather due to Morgan's failure to prosecute his case.

5

Morgan initiated his case in January 2016. After filing discovery and sending letters to the trial court, Morgan allowed a period of approximately one year to elapse without communicating with the trial court. At the time of dismissal, the case had been pending for twenty months, which is outside the time standards promulgated by the Texas Supreme Court for civil jury cases. *See* Tex. R. Jud. Admin. 6.1(b)(1) (directing district courts to dispose of civil jury trial cases within eighteen months). Because of the year-long inactivity in the case, the length of time the suit had been pending, and the lack of any explanation for the delay, the trial court could have properly found that Morgan was not pursuing his case with due diligence. *See Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 730 (Tex. App.—San Antonio 2012, pet. denied) (holding no abuse of discretion in dismissing case for want of prosecution because suit had been pending for seventeen months, there were fifteen months of inactivity, and no excuse for delay). Accordingly, we hold that the trial court did not abuse its discretion by dismissing Morgan's case for want of prosecution, and we overrule Morgan's second issue.

## V. CONCLUSION

Having overruled Morgan's two issues, we affirm the trial court's order dismissing Morgan's case for want of prosecution.

Per Curiam

DELIVERED: September 27, 2018

6