Opinion issued March 28, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00805-CV

———————————

**DWAYNE RAYSHAUN WILSON, Appellant**

**V.**

**H-TOWN TOWING LLC, KTL AUTO STORAGE, AND GWENDOLYN BRIGGS, Appellees**

---

On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1108788

---

## MEMORANDUM OPINION

Appellant, Dwayne Rayshaun Wilson, challenges the trial court's order dismissing his case against appellees, H-Town Towing LLC, KTL Auto Storage, and Gwendolyn Briggs (collectively, "appellees"), for want of prosecution. In his

sole issue, Wilson contends that the county court lacked jurisdiction over the appeal because appellees failed to file an appeal bond.

We affirm.

## Background

On February 28, 2018, Wilson's 2010 Toyota Camry was towed, without his consent, from the Avitar on Wilcrest Apartments. Briggs, the apartment manager, authorized H-Town Towing to tow Wilson's car to KTL Auto Storage.

Wilson requested a hearing in justice court, pursuant to section 2308.452 of the Texas Occupations Code, to determine whether probable cause existed for the removal of his car. After a hearing, the justice court found that no probable cause existed for the towing of Wilson's car

Appellees timely appealed the justice court's "no probable cause" ruling to county court. The county court set the case for trial on August 15, 2018. On the date of trial, the county court dismissed the case for want of prosecution.[1]

---

[1] The reasons for the county court's dismissal for want of prosecution are not apparent from the record.

## Standard of Review

A trial court's authority to dismiss a case for want of prosecution stems from rule 165a of the Texas Rules of Civil Procedure and from the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Wright v. Tex. Dep't of Criminal Justice-Inst. Div.*, 137 S.W.3d 693, 696 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence." *Wright*, 137 S.W.3d at 696. We review a trial court's order of dismissal for want of prosecution for an abuse of discretion. *Id.*

## Vehicle Towing

In his sole issue, Wilson argues that the trial court lacked jurisdiction to hear appellees' appeal of the justice court's "no probable cause" ruling because they failed to post and perfect an appellate bond[2] as required under the Texas Rules of Civil Procedure. Appellees argue that the statute governing these probable cause proceedings specifically disposes of the requirement to post an appellate bond under these circumstances.

---

[2] Wilson does not challenge the actual grounds for the dismissal itself, which are not apparent from the record.

Chapter 2308 of the Texas Occupations Code establishes a procedure by which a person may challenge the towing of his car. Specifically, it provides that "[t]he owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner . . . of the vehicle is entitled to a hearing on whether probable cause existed for the removal and placement." TEX. OCC. CODE § 2308.452. The probable cause hearing for a towed car shall be held "in any justice court" in "the county from which the motor vehicle was towed." *Id.* § 2308.453. The Occupations Code further provides:

> An appeal from a hearing under this chapter is governed by the rules of procedure applicable to civil cases in justice court, except that no appeal bond may be required by the court.

*Id.* § 2308.459.

The applicable statute in this case provides that appeals from a justice court's ruling on probable cause are "governed by the rules of procedure applicable to civil cases in justice court," but then it specifically eliminates the requirement of an appeal bond. *See id.* ("*except* that no appeal bond may be required by the court" (emphasis added)). Therefore, Wilson's contention that the county court lacked jurisdiction to hear appellees' appeal from the justice court's probable-cause determination is without merit.[3]

---

[3] For the same reasons, Wilson's "equal protection" argument fails because it is also based on the incorrect premise that appellees were required to file an appeal bond.

We overrule Wilson's sole issue.

## Conclusion

We affirm the dismissal order of the trial court.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

---

To the extent that Wilson attempts to raise an equal protection claim on other grounds, it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

5