**Affirm and Opinion Filed August 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00409-CV**

**PEOPLE PRIORITY SOLUTIONS, LLC, Appellant**
**V.**
**MCILVEEN REAL ESTATE & MANAGEMENT, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-02057**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

People Priority Solutions, LLC (People Priority) appeals the trial court's

May 3, 2021 order dismissing its plea in intervention for want of prosecution. In a

single issue, People Priority contends the dismissal was erroneous because it did not

receive notice of the court's intent to dismiss its claims against

appellee/intervention-defendant McIlveen Real Estate & Management, Inc.

(McIlveen) and intervention-defendant Alicia Hernandez. We affirm the trial court's order. [1]

## Background

The case below involved three parties and a series of agreements to sell a residential property. Hernandez owned the property and initially contracted to sell it to People Priority. Hernandez told McIlveen that People Priority's option to buy the property had recently expired, and she contracted to sell the property to McIlveen instead. Approximately one week before that sale was scheduled to close, however, Hernandez told McIlveen that she had extended the agreement to sell to People Priority. McIlveen sued Hernandez for breach of contract and fraud, seeking injunctive and declaratory relief as well as specific performance of its contract. McIlveen also sued People Priority for tortious interference with Hernandez's contract to sell the property to McIlveen.

Hernandez filed no answer below; McIlveen filed a series of motions for default judgment against her. Approximately six months into the litigation, McIlveen nonsuited its claims against People Priority, but People Priority filed a Plea in Intervention urging claims against both Hernandez and McIlveen regarding its own purported purchase rights to the property. When McIlveen filed its final motion for

---

[1] People Priority's notice of appeal states that this proceeding is a regular (not restricted) appeal from "an interlocutory default judgment signed January 26, 2021, an order denying Intervenor's motion for summary judgment signed on January 26, 2021, and an order of dismissal signed May 3, 2021." The single issue before us challenges the dismissal order; we do not address the trial court's earlier rulings.

default against Hernandez, People Priority objected to the motion. People Priority then filed a motion for partial summary judgment, arguing that McIlveen could not prove that Hernandez breached a contract with McIlveen. McIlveen challenged People Priority's standing to resist Hernandez's default. On January 26, 2021, the trial court granted an interlocutory default judgment against Hernandez (stating that "Relief for said breach shall be determined") and denied the motion for partial summary judgment.

Our record contains a notice dated April 19, 2021 and addressed to Calvin D. Johnson, counsel for plaintiff McIlveen, stating that a dismissal hearing was set for May 3, 2021 at 9:00 a.m. and directing Mr. Johnson, prior to that hearing, to provide the trial court with a written statement as to the status of the case. The notice states that failure to do so would result in the case's being dismissed pursuant to rule 165a of the Texas Rules of Civil Procedure. On May 3, the trial court signed its Order of Dismissal for Want of Prosecution (the May 3 Order), which stated in its entirety:

> Plaintiff(s) having failed to take certain action heretofore specified by the court within the time period prescribed, and having not disposed of this case, the court finds that the cause should be dismissed for want of prosecution pursuant to Tex. R. Civ. P. 165a. The Court finds that Plaintiff was duly notified of a dismissal hearing set 05/03/2021 at 9:00 AM and did not take the necessary action. Accordingly,
>
> IT IS ORDERED that the case is dismissed for want of prosecution with costs taxed against Plaintiff, for which [let] execution issue.

–3–

People Priority contends that its counsel did not receive notice of the May 3 dismissal hearing. The record does not contain a copy of the April 19 notice directed to counsel for People Priority, and the notice to Mr. Johnson does not indicate a copy was sent to anyone else. A Clerk's Note on the trial court's docket sheet for May 3 indicates "NOTICE OF DISMISSAL TO PLAINTIFF AND INTERVENOR."

This appeal followed. At People Priority's request, we abated the appeal and ordered the trial court to clarify its intent in the May 3 Order. Specifically, we instructed the court—if it intended its dismissal order to be a final and appealable judgment that disposed of all claims and all parties—to modify the order to make that clear. If the trial court did not intend to render a final judgment, we ordered it to certify that in writing and to state what claims remained pending. In response, the trial court signed an amended Order of Dismissal for Want of Prosecution, dated October 12, 2021 (the October 12 Order), which stated:

> The Court finds that on February 15, 2021, the parties were duly notified that the case had been pending without action for 30 days and a dismissal hearing was set for April 5, 2021, at 9:00 am. The Court further finds that on April 19, 2021, the parties were duly notified that the dismissal hearing was postponed until May 3, 2021, at 9:00 a.m., and the case would be dismissed if the parties failed to provide the Court with a written statement as to the status of the case or take other action to prosecute their case.

> The parties having failed to take certain actions heretofore specified by the Court by May 3, 2021, and having not disposed of this case, the Court finds that the cause should be dismissed for want of prosecution pursuant to Tex. R. Civ. P. 165a. Accordingly,

> IT IS ORDERED that the case is dismissed without prejudice for want of prosecution with costs taxed against Plaintiff, for which let

–4–

execution issue. This is a final, appealable judgment, which disposes of
all parties and claims in this case.

As our order required, the October 12 Order was made part of a supplemental clerk's record in this appeal.

## Discussion

The single issue before us complains of the trial court's failure to give People Priority notice of the dismissal hearing scheduled for May 3, 2021, before dismissing its claims in intervention. We review a dismissal for want of prosecution under an abuse of discretion standard. *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 763 (Tex. App.—Dallas 2011, no pet.). A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under Rule 165a. *See* TEX. R. CIV. P. 165 a(1); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). These requirements of notice and a hearing are necessary to ensure a claimant at risk of dismissal has received due process. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam). Failure to provide notice of the trial court's intent to dismiss for want of prosecution will ordinarily require reversal. *Villarreal*, 994 S.W.3d at 630.

People Priority relies on that general rule, embodied for our purposes in Rule 165a, which states:

> A case may be dismissed for want of prosecution on failure of any party
> seeking affirmative relief to appear for any hearing or trial of which the
> party had notice. Notice of the court's intention to dismiss and the date

–5–

and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.

TEX. R. CIV. P. 165a.1. People Priority contends the record establishes that notice of the dismissal hearing was sent only to McIlveen's counsel.

McIlveen points first to recitals in the trial court's dismissal orders, asserting that notice of the May 3 dismissal hearing was in fact sent.[2] McIlveen argues those recitals carry a presumption of validity. It argues further that the record does not prove People Priority received no notice of the dismissal hearing—instead the record is merely silent on that fact, and silence does not establish error. For both of these arguments, however, McIlveen relies on opinions in restricted appeals (or in their predecessor procedure, writs of error), which require an appellant to establish that there is error "apparent on the face of the record." *See, e.g., Zarosky v. State*, No. 03-03-00116-CV, 2004 WL 1114539, at *1 (Tex. App.—Austin May 20, 2004, no pet.) (mem. op.); *see also Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). We question whether such opinions govern this regular appeal, which is not subject to that standard.

---

[2] The May 3 Order recites that "Plaintiff was duly notified of a dismissal hearing set 05/03/21 at 9:00 AM and did not take the necessary action."

The October 12 Order recites that "the parties were duly notified that the dismissal hearing was postponed until May 3, 2021, at 9:00 a.m. . . . [and] failed to take certain actions specified by the Court by May 3, 2021."

We are compelled, though, to agree with McIlveen's third argument, contending that People Priority's failure to file a motion for reinstatement of its case waived any due process violation caused by a lack of notice. Rule 165a provides a procedure for reinstatement of a case dismissed for want of prosecution: the party or its attorney can file and serve a verified motion within thirty days explaining why the case should be reinstated; the trial court must set a hearing on the motion as soon as practicable and send notice to all parties or their attorneys of record of the date, time and place of the hearing; and the trial court must reinstate the case if it "find[s] after a hearing that the failure of the party or [its] attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a.3. If a party "has the time and opportunity" to file a motion for reinstatement that could raise an error in the dismissal process, but it fails to file such a motion, then it has waived any due process error in that process. *Wright v. Tex. Dep't of Criminal Justice-Inst'al Div.*, 137 S.W.3d 693, 695–96 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("We hold that, when an appellant has the time and opportunity to file a motion for reinstatement that could raise a claimed error, he waives any due process rights if he fails to file such motion."); *see also Harberson v. Strickland*, No. 01-18-00290-CV, 2020 WL 1173711, at *4 (Tex. App.—Houston [1st Dist.] Mar. 12, 2020, no pet.) (mem. op.); *Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-18-00878-CV,

2019 WL 4065274, at *4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. denied) (mem. op.).

The record indicates that the trial court sent People Priority (and McIlveen) notice of the dismissal on May 3, 2021; People Priority filed its notice of appeal in this Court on June 2, 2021. It is undisputed, therefore, that People Priority learned of the dismissal within the thirty-day time frame to file a motion to reinstate. If it had filed such a motion it could have developed facts not in the record concerning its lack of notice, and it would have afforded the trial court an opportunity to correct any error. In the absence of an effort to reinstate the case, People Priority has waived its due process complaint. *See Wright*, 137 S.W.3d at 696 (appellant's failure to bring claims to attention of trial court through motion to reinstate prevented trial court from having opportunity to correct error). We overrule its single issue.

## Conclusion

We affirm the trial court's May 3, 2021 Order of Dismissal for Want of Prosecution, as amended October 12, 2021.

210409f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PEOPLE PRIORITY SOLUTIONS, LLC, Appellant

No. 05-21-00409-CV     V.

MCILVEEN REAL ESTATE & MANAGEMENT, INC., Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-02057. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

In accordance with this Court's opinion of this date, the May 3, 2021 Order of Dismissal for Want of Prosecution, amended by the October 12, 2021 order of the trial court, is **AFFIRMED**.

It is **ORDERED** that appellee McIlveen Real Estate & Management, Inc. recover its costs of this appeal from appellant People Priority Solutions, LLC.

Judgment entered this 22nd day of August, 2022.