**Affirmed and Memorandum Opinion filed March 30, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00451-CV

## IN THE INTEREST OF B.S.C., A CHILD

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-26043**

## MEMORANDUM OPINION

This case involves a suit affecting the parent-child relationship. Appellant, the child's father, appeals the trial court's dismissal for want of prosecution. In two issues appellant contends the dismissal was erroneous because (1) he did not receive notice of the court's intent to dismiss; and (2) he had good cause for failure to file a proposed order by the deadline. We affirm.

### BACKGROUND

On April 11, 2019, appellant filed an original petition in a suit affecting the parent-child relationship seeking, inter alia, to be appointed joint managing

conservator with appellee. After a bench trial, the trial court rendered judgment on March 24, 2022, and requested that appellant draft a final order to be submitted on May 6, 2022, at 8:00 a.m. On May 3, 2022, the trial court granted a motion for continuance ordering the parties to submit a final order at 8:00 a.m. on May 20, 2022. The record reflects that no order was submitted to the trial court on May 20, 2022.

On May 22, 2022, the trial court signed an order dismissing the case for want of prosecution because the parties failed to file an order. Appellant's counsel learned of the court's dismissal "through electronic email from Harris County on the evening of Friday, May 20, 2022." Appellant did not file a motion to reinstate the dismissed case, but filed a notice of appeal of the court's dismissal order on June 20, 2022.

## ANALYSIS

Appellant asserts two issues in his brief in which he contends the trial court erred (1) in failing to provide notice and an opportunity to be heard before dismissing for want of prosecution; and (2) in dismissing for want of prosecution when the parties had good cause for failing to meet the deadline set by the trial court.

### Standard of Review and Applicable Law

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court has authority to dismiss a case for want of prosecution under either Rule 165a of the Texas Rules of Civil Procedure or the court's inherent power to maintain and control its docket. Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a(1), a trial court may dismiss a case for want of prosecution on the failure of a party seeking affirmative relief to appear for a hearing or trial if the party had notice that dismissal could result from the party's failure to appear. Tex. R. Civ. P. 165a(1); *Harberson v. Kendrick*, No. 14-

18-00449-CV, 2020 WL 4461460, at *5 (Tex. App.—Houston [14th Dist.] Aug. 4, 2020, no pet.) (mem. op.).

Regardless of the grounds for dismissal, the trial court ordinarily is required to provide notice of a hearing and conduct an oral hearing prior to dismissal. *See Villarreal*, 994 S.W.2d at 630, 631 n. 4. The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process. *See Hubert v. Illinois State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ) (citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 85 (1988)).

**Appellant waived his complaint of lack of notice by failing to file a motion to reinstate.**

Appellant asserts that he did not receive notice that the failure to produce an order for signature on May 20, 2022, would result in dismissal of his case. Appellee asserts appellant waived any complaint regarding lack of notice by failing to file a motion to reinstate. We are compelled to agree with appellee.

Appellant's failure to file a motion for reinstatement of his case waived any due process violation caused by a lack of notice. *Wright v. Tex. Dep't of Criminal Justice–Inst'l Div.*, 137 S.W.3d 693, 695–96 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("We hold that, when an appellant has the time and opportunity to file a motion for reinstatement that could raise a claimed error, he waives any due process rights if he fails to file such motion."); *see also Harberson*, 2020 WL 4461460, at *5.

Texas Rule of Civil Procedure 165a provides a procedure for reinstatement of a case dismissed for want of prosecution: the party or its attorney can file and serve a verified motion within thirty days explaining why the case should be reinstated; the trial court must set a hearing on the motion as soon as practicable and send notice

3

to all parties or their attorneys of record of the date, time and place of the hearing; and the trial court must reinstate the case if it finds "after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a.3. If a party "has the time and opportunity" to file a motion for reinstatement that could raise an error in the dismissal process, but fails to file such a motion, then he has waived any due process error. *Wright*, 137 S.W.3d at 695–96; *see also Harberson*, 2020 WL 4461460, at \*5; *Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-18-00878-CV, 2019 WL 4065274, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. denied) (mem. op.).

The record reflects, and appellant admits, that the trial court sent appellant notice of the dismissal on May 20, 2022, and that appellant's counsel received notice on that date. The dismissal order was signed May 22, 2022, and appellant filed his notice of appeal in this court on June 20, 2022. It is undisputed, therefore, that appellant learned of the dismissal within the thirty-day time frame to file a motion to reinstate. If appellant had filed such a motion, he could have developed facts not in the record concerning his lack of notice and due diligence, and would have afforded the trial court an opportunity to correct any error. In the absence of an effort to reinstate the case, appellant waived his due process complaint. *See Wright*, 137 S.W.3d at 696 (appellant's failure to bring claims to attention of trial court through motion to reinstate prevented trial court from having opportunity to correct error). We overrule appellant's issues.

**CONCLUSION**

We affirm the trial court's order of dismissal.


/s/     Jerry Zimmerer
          Justice


Panel consists of Justices Wise, Zimmerer, and Wilson.

5