Opinion issued December 21, 2006 









In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00423-CV






RICKIE LYNN GRAVES, Appellant


V.


CYNTHIA D. ATKINS, Appellee






On Appeal from County Civil Court at Law Number 2

Harris County, Texas

Trial Court Cause No. 797,126





MEMORANDUM OPINION


 Appellant, Rickie Lynn Graves, a prison inmate, appeals pro se and as an
indigent to challenge dismissal of his petition for writ of execution for failure to
appear for trial. Appellant presents three issues in which he contends that the trial
court reversibly erred and abused its discretion by dismissing appellant's case for
failure to appear. We affirm. 

Background


 On November 6, 2002, appellant recovered a default judgment in Justice Court
Precinct 3, Place 1 of Harris County against appellee, Cynthia D. Atkins, for $450,
plus ten percent postjudgment interest and $15 in costs. On July 10, 2003, appellant
filed a petition for writ of execution by which he sought the assistance of the trial
court to enforce the justice court's judgment, pursuant to section 31.002 of the Civil
Practice and Remedies Code and rules 621 and 630 of the Rules of Civil Procedure. 
See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2005) (the turnover
statute); Tex. R. Civ. P. 621, 630 (rules governing enforcement of judgments and
money judgments, respectively). Appellant attached copies of the justice court's
judgment and an abstract of the judgment to his petition. 

 It is undisputed that appellant received notice from the trial court that his case
was set for trial on December 29, 2003, but was reset for trial on March 1, 2004. 
When appellant did not appear for trial on March 1, 2004, the trial court signed an
order dismissing appellant's case for want of prosecution. (1) The order recites that the
parties had been notified of the trial date, but "failed to appear." On March 15, 2004,
appellant perfected this appeal by filing a notice stating his intent to challenge the
March 1, 2004 order of dismissal. Appellant did not challenge the trial court's ruling
by filing a motion to reinstate his case. See Tex. R. Civ. P. 165a(3).

Dismissal for Failure to Appear at Trial


 In his first and third issues, appellant contends that the trial court erred and
abused its discretion by dismissing his case for failure to appear. A trial court's
authority to dismiss for want of prosecution derives from the express provisions of
rule 165a of the Rules of Civil Procedure and from the trial court's inherent power. 
Alexander v. Lynda's Boutique, 134 S.W.3d 845, 850 (Tex. 2004); Villareal v. San
Antonio Truck & Equip, 994 S.W.2d 628, 630 (Tex. 1999); Wright v. Tex. Dep't of
Criminal Justice-Institutional Div., 137 S.W.3d 693, 696 (Tex. App.--Houston [1st
Dist.] 2004, no pet.). 

 By filing his petition for writ of execution, appellant asserted a claim for
affirmative relief from the trial court. Subsection (1) of rule 165a, subtitled "Failure
to Appear," expressly authorized the trial court to dismiss a pending cause for want
of prosecution when a "party seeking affirmative relief" does not "to appear for any
hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). Appellant's
lack of appearance was a failure to appear for trial. A trial court must dismiss the
case for want of prosecution at the dismissal hearing "unless there is good cause for
the case to be maintained on the docket." Id. We review the trial court's ruling for
abuse of discretion. Wright, 137 S.W.3d at 696; see generally Walker v. Packer, 827
S.W.2d 833, 839-40 (Tex. 1992). 

 Appellant concedes that he was aware of both the December 29, 2003 trial
setting and the trial reset date of March 1, 2004. The record also demonstrates that
appellant's March 15, 2004 notice of appeal states his intent to challenge the March
1, 2004 order of dismissal for want of prosecution. It is undisputed, therefore, that
appellant had sufficiently timely notice of the March 1, 2004 order of dismissal to
have timely moved to reinstate his case pursuant to rule 165a(3). See Tex. R. Civ. P.
165a(3) (providing that a verified motion to reinstate must be "filed within 30 days
after the order of dismissal is signed or within the period provided by Rule 306a");
Tex. R. Civ. P. 306a (stating rules applicable to postjudgment or post-order time
periods). (2) 

 Appellant first contends that dismissal of his case for failure to appear was
reversible error because obtaining a writ of execution is a "purely procedural" matter
that does not permit determination of the parties' substantive rights. E.g., Republic
Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex. App.--Houston [14th Dist.] 1992,
orig. proceeding) (construing same turnover statute on which appellant relied in this
case and conditionally granting mandamus relief because party joined was neither
judgment debtor nor creditor). But the procedural nature of the proceeding does not
alter appellant's duty, as the "party seeking affirmative relief," see Tex. R. Civ. P.
165a(1), to appear to prosecute his claim. Appellant cites no authority construing the
turnover statute that would relieve him of his duty to appear, and he had not
previously obtained the relief he requested from the trial court based on written
submission before the court called the case for trial. 

 Appellant also emphasizes that an inmate's physical presence is not always
required in civil matters, and that Texas courts routinely permit inmates to appear by
video or audio communications. Though courts may not deny prisoner inmates
access to the courts based solely on their status as inmates, a prisoner does not have
an absolute right to appear in person. In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003)
(citing Brewer v. Taylor, 737 S.W.3d 421, 423 (Tex. App.--Dallas 1987, no writ)). 
In assessing whether an inmate has a right to be present, Texas courts weigh the
prisoner's right of access against protecting the integrity of the correctional system,
based on several factors. In re Z.L.T., 124 S.W.3d at 165 (citing with approval Stone
v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976); Brewer, 737 S.W.3d at 423) (also
citing Stone, 546 F.2d at 735)). Courts may also permit hearings at a jail or at a TDCJ
facility and may conduct hearings with video communications technology. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.008(a) (Vernon 2002). Among the factors that
a trial court weighs in assessing a prison inmate's right to appear in person is whether
the inmate "can and will offer admissible, noncumulative testimony that cannot
effectively be presented by deposition, telephone, or some other means." In re Z.L.T.,
124 S.W.3d at 165-66. 

 To be entitled to appear in person or through video communications
technology, however, the burden rests squarely on the prisoner-inmate to request
access to the court through these alternate means and to demonstrate why a trial court
should authorize them. See In re. Z.L.T., 124 S.W.3d at 166 (holding that trial court
did not err by impliedly denying inmate's request for bench warrant, because inmate
did not adequately demonstrate right to be present); see Tex. R. App. P. 33.1(a)(1)(A). 
Trial courts have no independent duty, when a litigant is a pro se prison inmate, to
inquire into relevant facts not provided by the prison-inmate seeking affirmative
relief. In re. Z.L.T., 124 S.W.3d at 166. This reasoning is consistent with settled law
holding that pro se litigants must comply with procedural rules and are held to the
same standards as licensed attorneys. See Shull v. United Parcel Serv., 4 S.W.3d 46,
52-53 (Tex. App.--San Antonio 1999, pet. denied); Chandler v. Chandler, 991
S.W.2d 367, 378-89 (Tex. App.--El Paso 1999, pet. denied) (both cited with
approval in In re Z.L.T., 124 S.W.3d at 166).

 In this case, though he was aware of the March 1, 2004 trial setting, appellant
did not request that a bench warrant be issued in order that he might appear in person
to prosecute his case. Similarly, the record does not reflect that appellant requested
alternative means of appearance by videoconference before the March 1, 2004 trial
date, or, in the alternative, that he be permitted to appear by affidavit. 

 Appellant acknowledges he was aware of the March 1, 2004 trial date, but did
not appear and did not preserve any right to appear on that date, either in person or
by alternative means. Furthermore, though appellant had adequate time to move to
reinstate his case by demonstrating "good cause for the case to be maintained on the
docket," as demonstrated by his perfecting this appeal within 15 days of the order of
dismissal, appellant did not move to reinstate, as authorized by rule 165a(3). Under
these circumstances, the trial court did not err by dismissing appellant's case for
failure to appear. See Tex. R. Civ. P. 165a(1). Accordingly, no abuse of discretion
occurred. 

 We overrule appellant's first and third issues. 

 In his second issue, appellant presents alternative arguments proposing that the
trial court erred and abused its discretion by dismissing appellant's case for want of
prosecution. His arguments in support of this issue, however, rely on several
documents that are attached to appellant's brief, but are not part of the appellate
record before us. Accordingly, we may not consider the issue for that reason. See
Randle v. Wilson, 26 S.W.3d 513, 515 n.1 (Tex. App.--Amarillo 2000, no pet.)
(declining to consider attachments to prisoner-inmate's brief not supported by record
on appeal). 

 Because our review is limited to the existing record, we overrule appellant's
second issue.

Conclusion


 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.

1. Though not stated expressly in the trial court's order, we presume that the order of
dismissal was without prejudice. See Greenwood v. Tillamook Country Smoker, 857
S.W.2d 654, 656 (Tex. App.--Houston [1st Dist.] 1993, no writ). 
2. Because appellant had notice of the order of dismissal within adequate time to file a
motion to reinstate his case, as demonstrated by his having timely perfected his
appeal, appellant's challenges raise no due-process concerns. See Harris County v.
Miller, 576 S.W.2d 808, 810 (Tex. 1979); Wright v. Tex. Dep't of Criminal
Justice--Institutional Div., 137 S.W.3d 693, 695 (Tex. App.--Houston [1st Dist.]
2004, no pet.); Jiminez v. Transwestern Prop. Co., 999 S.W.2d 125, 128-29 (Tex.
App.--Houston [14th Dist.] 1999, no pet.).